ELIZAVILLE & FAIRVIEW T. P. R. Co. v. ROWLAND T. CARR.

Turnpike — Subscription to Capital Stock — Special Covenant — Construction of Agreement — Substantial Compliance.

The vagueness of the contract as to the particular line, the length of the road to be built, together with the difficulty of a literal compliance with the contract, locating the road on the line, and other circumstances tending to explain the intention of the parties, requires a liberal construction of the agreement.

It seems that the company substantially performed the conditions upon which the subscription was made.

APPEAL FROM FLEMING CIRCUIT COURT.

September 19, 1866.

OPINION OF THE COURT BY JUDGE HARDIN:

This was a suit in equity to recover of the appellee the sum of $100, which, by a special covenant, he had undertaken to pay as stock in the Elizaville & Fairview Turnpike Road Company

provided the road should run on the marked line of John Hurst and himself; and upon a further condition that the same shall not be paid till the old road passing there, the land of Carr, should be closed.

The defendant resisted payment on the alleged ground that the plaintiffs had failed to perform the first condition in the contract by locating and constructing the road on the line of himself and Hurst, and the court below having dismissed the plaintiff's petition they have appealed to this court.

The vagueness of the contract as to the particular line of Hurst and the appellee, and length of road to be built thereon, together with the manifest difficulty of a strict literal compliance with the contract in locating the road upon the line at all points, and other circumstances tending to explain the intention and objects of the parties, seem to us to require a liberal construction of the agreement. A portion of the road was located and the line indicated, and its deviation from it at other points on account of natural obstacles on the line may be presumed to have been contemplated by the appellee when making the contract. A controlling object of Carr in making the subscription appears to have been the closing of the old road consequent on the completion of the turnpike, and this being done through the agency of the company he promptly availed himself of its benefits. Under all the circumstances it seems to us that the company substantially performed the conditions upon which the subscription was made, and that the court, therefore, erred in dismissing this petition.

Wherefore, the judgment is reversed, and the cause remanded, with directions to render judgment for the plaintiffs in the actions in conformity with this opinion.

*Cord, for appellant.*

*Wadsworth, for appellee.*